UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Nathaniel Maurice Hatchett**,

    Plaintiff,

vs.

**City of Detroit**, **City of Sterling Heights**,
**County of Macomb**, **Hilton Napoleon**,
**Kenneth Williams, Michael Reece, Scott Lucas,**
**Ricahrd Van Sice, Jeffrey Plaunt, Carl Marlinga**,
and **Eric Kaiser**,

    Defendants.

Case No. 08-CV-11846
Hon. Bernard A. Friedman
Magistrate Judge Michael J. Hluchaniak

_____/

Chris Peter Kokkinakos (P-62067)
Attorney for Plaintiff
17600 Northland Park Court
Southfield, Michigan 48075
(248) 552-8900

John A. Schapka (P-36731)
Attorneys for City of Detroit only
City of Detroit Law Department
660 Woodward, Suite 1650
Detroit, Michigan 48226
(313) 224-4550

_____/

**DEFENDANT CITY OF DETROIT'S RESPONSE TO PLAINTIFF NATHANIEL
MAURICE HATCHETT'S COMPLAINT**

Defendant City of Detroit hereby responds, through counsel, to Plaintiff's complaint as follows:

1. Defendant admits the allegations of Paragraphs 49, 97, 98 and its sub-paragraphs, 99, 100 of Plaintiff's complaint.

2. Defendant denies each and every allegation of Paragraphs 1, 2, 3, 5, 6, 11, 15, 58 and its sub-paragraphs, 62, 137 and its sub-paragraphs, 138, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 180, 183, 184, 185, 194, 197, 198, 200, 201, 202, 203, 204, 218, 219 and its sub-paragraphs, 220, 221, 223, 224, 225, 227, 228, 229, 230, 231, 232, 233, 234, 235, 237, 239, 240, 242, 243, 244, 246, 247, 248, 249, 250, 251, 253,

254, 256, 257, 258, 259, and 260 of Plaintiff's Complaint.

3. Defendant denies having sufficient knowledge or information upon which to form a belief regarding the allegations of Paragraphs 4, 7, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 91, 92, 93, 95, 96, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 179, 187, 188, 189, 190, 191, 192, 193, 195, 196, 206, 207, 208, 209, 210, 212, 213, 214, 215, 216, and 238 of Plaintiff's complaint and leaves Plaintiff to his proofs thereof.

4. The assertions reflected in Paragraphs 8, 9, 10, 89, 90, and 94 of Plaintiff's complaint constitute conclusions of law for which no response is required.

5. The assertions reflected in Paragraphs 139, 157, 168, 181, 182, 186, 205, 211, 217, 222, 226, 236, 241, 245, 252, and 255 of Plaintiff's complaint do not constitute a factual allegation and therefore require no response.

## SPECIAL AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against Defendant City upon which relief may be granted.
2. Any injury suffered by Plaintiff was proximately caused by Plaintiff's own negligence and other wrongful conduct.
3. Plaintiff has failed to mitigate his damages.
4. To the extent it predicates City liability upon directly asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.
5. To the extent it predicates City liability upon vicariously asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.
6. To the extent it predicates City liability upon grossly negligent conduct, Plaintiff's Complaint fails to state a claim upon which relief may be granted.
7. To the extent it predicates City liability upon vicariously asserted federal

constitutional theories of recovery, Plaintiff's complaint fails to state a claim upon which relief may be granted.

8. To the extent it alleges a violation arising under the Constitution of the State of Michigan, Plaintiff's Complaint fails to state a claim against Defendant City upon which relief may be granted.

9. To the extent it alleges a violation of 42 USC 1983, Plaintiff's complaint fails to state a claim upon which relief may be granted.

10. To the extent it reflects a claim arising under the Fifth Amendment to the Constitution of the United States, Plaintiff's complaint fails to state a claim upon which relief may be granted.

11. To he extent Plaintiff's initial arrest was sufficiently founded upon probable cause, Plaintiff's wrongful arrest claims are without merit.

12. To the extent he unsuccessfully litigated the voluntariness of his confessional statements in a Walker hearing, Plaintiff is now collaterally estopped from raising the issue herein.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant City of Detroit in the above captioned matter, by and through counsel, reserves the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court. Further, Defendant City does not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

Defendant City of Detroit demands Plaintiff join in this action all claims Plaintiff may have against any Defendant arising from the subject matter of this action and which do not require for adjudication the presence of third parties over whom the court cannot exercise jurisdiction.

## RELIANCE ON JURY DEMAND

Defendant City hereby relies on Plaintiff's demand for trial by jury.

K:\DOCS\LIT\SCHAJ\A37000\ANSWER\JS3866.WPD

Predicated upon the matters presented above, Defendant City of Detroit respectfully demands judgment of no cause of action be entered herein, or in the alternative said cause be dismissed, with prejudice, and costs and attorney fees be awarded to Defendant.

Respectfully submitted,

S/John A. Schapka

John A. Schapka
City of Detroit Law Department
1650 First National Building
Detroit, Michigan  48226
(313) 224-4550   ext 23142

DATED: 8 May 2008                                      schaj@law.ci.detroit.mi.us

I hereby certify that on 8 May 2008, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: all counsel of record;  and I do hereby certify that I have cause the paper to be sent by electronic mail to the following non-ECF participants: none.

S/ John A. Schapka (P-36731)
City of Detroit Law Department
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3062
schaj@law.ci.detroit.mi.us

K:\DOCS\LIT\SCHAJ\A37000\ANSWER\JS3866.WPD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Nathaniel Maurice Hatchett**,

    Plaintiff,

vs.

**City of Detroit**, **City of Sterling Heights**,
**County of Macomb**, **Hilton Napoleon**,
**Kenneth Williams, Michael Reece, Scott Lucas,
Ricahrd Van Sice, Jeffrey Plaunt, Carl Marlinga**,
and **Eric Kaiser**,

    Defendants.
_____/

Case No. 08-CV-11846
Hon. Bernard A. Friedman
Magistrate Judge Michael J. Hluchaniak

Chris Peter Kokkinakos (P-62067)
Attorney for Plaintiff
17600 Northland Park Court
Southfield, Michigan  48075
(248) 552-8900

John A. Schapka  (P-36731)
Attorneys for City of Detroit only
City of Detroit Law Department
660 Woodward, Suite 1650
Detroit, Michigan 48226
(313) 224-4550

_____/

**DEFENDANT CITY OF DETROIT'S RESPONSE TO PLAINTIFF NATHANIEL MAURICE HATCHETT'S COMPLAINT**

    Defendant City of Detroit hereby responds, through counsel, to Plaintiff's complaint as follows:

1. Defendant admits the allegations of Paragraphs 49, 97, 98 and its sub-paragraphs, 99, 100 of Plaintiff's complaint.

2. Defendant denies each and every allegation of Paragraphs 1, 2, 3, 5, 6, 11, 15,  58 and its sub-paragraphs, 62, 137 and its sub-paragraphs, 138, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 180, 183, 184, 185, 194, 197, 198, 200, 201, 202, 203, 204, 218, 219 and its sub-paragraphs, 220, 221, 223, 224, 225,  227, 228, 229, 230, 231, 232, 233, 234, 235, 237, 239, 240, 242, 243, 244, 246, 247, 248, 249, 250, 251, 253,

254, 256, 257, 258, 259, and 260 of Plaintiff's Complaint.

3. Defendant denies having sufficient knowledge or information upon which to form a belief regarding the allegations of Paragraphs 4, 7, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 91, 92, 93, 95, 96, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 179, 187, 188, 189, 190, 191, 192, 193, 195, 196, 206, 207, 208, 209, 210, 212, 213, 214, 215, 216, and 238 of Plaintiff's complaint and leaves Plaintiff to his proofs thereof.

4. The assertions reflected in Paragraphs 8, 9, 10, 89, 90, and 94 of Plaintiff's complaint constitute conclusions of law for which no response is required.

5. The assertions reflected in Paragraphs 139, 157, 168, 181, 182, 186, 205, 211, 217, 222, 226, 236, 241, 245, 252, and 255 of Plaintiff's complaint do not constitute a factual allegation and therefore require no response.

## SPECIAL AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against Defendant City upon which relief may be granted.
2. Any injury suffered by Plaintiff was proximately caused by Plaintiff's own negligence and other wrongful conduct.
3. Plaintiff has failed to mitigate his damages.
4. To the extent it predicates City liability upon directly asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.
5. To the extent it predicates City liability upon vicariously asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.
6. To the extent it predicates City liability upon grossly negligent conduct, Plaintiff's Complaint fails to state a claim upon which relief may be granted.
7. To the extent it predicates City liability upon vicariously asserted federal

constitutional theories of recovery, Plaintiff's complaint fails to state a claim upon which relief may be granted.

8. To the extent it alleges a violation arising under the Constitution of the State of Michigan, Plaintiff's Complaint fails to state a claim against Defendant City upon which relief may be granted.

9. To the extent it alleges a violation of 42 USC 1983, Plaintiff's complaint fails to state a claim upon which relief may be granted.

10. To the extent it reflects a claim arising under the Fifth Amendment to the Constitution of the United States, Plaintiff's complaint fails to state a claim upon which relief may be granted.

11. To he extent Plaintiff's initial arrest was sufficiently founded upon probable cause, Plaintiff's wrongful arrest claims are without merit.

12. To the extent he unsuccessfully litigated the voluntariness of his confessional statements in a Walker hearing, Plaintiff is now collaterally estopped from raising the issue herein.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant City of Detroit in the above captioned matter, by and through counsel, reserves the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court.  Further, Defendant City does not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

Defendant City of Detroit demands Plaintiff join in this action all claims Plaintiff may have against any Defendant arising from the subject matter of this action and which do not require for adjudication the presence of third parties over whom the court cannot exercise jurisdiction.

## RELIANCE ON JURY DEMAND

Defendant City hereby relies on Plaintiff's demand for trial by jury.

K:\DOCS\LIT\SCHAJ\A37000\ANSWER\JS3866.WPD

      Predicated upon the matters presented above, Defendant City of Detroit respectfully demands judgment of no cause of action be entered herein, or in the alternative said cause be dismissed, with prejudice, and costs and attorney fees be awarded to Defendant.

                                                        Respectfully submitted,

                                                        S/John A. Schapka

                                                        John A. Schapka  
                                                        City of Detroit Law Department  
                                                        1650 First National Building  
                                                        Detroit, Michigan  48226  
                                                        (313) 224-4550   ext 23142  
DATED: 8 May 2008                                  schaj@law.ci.detroit.mi.us

I hereby certify that on 8 May 2008, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: all counsel of record;  and I do hereby certify that I have cause the paper to be sent by electronic mail to the following non-ECF participants: none.

S/ John A. Schapka (P-36731)  
City of Detroit Law Department  
660 Woodward Avenue, Suite 1650  
Detroit, Michigan 48226  
(313) 237-3062  
schaj@law.ci.detroit.mi.us

K:\DOCS\LIT\SCHAJ\A37000\ANSWER\JS3866.WPD